UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case no. 4:12-cv-0328-RP-RAW |
| | ) | |
| MICHAEL D. ROBERTS, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Petition to Enforce Internal Service Summons [1], the United States' Motion for Order to Show Cause with supporting papers [2], and the Order to Show Cause [3]. The respondent, Michael D. Roberts, has filed a response thereto in a document entitled "Complaint for Counterclaim Action in the Nature of Mandamus" [5] (which names counsel for the government as additional counterclaim defendants) and in a "Request for Mandatory Judicial Notice" [9]. A hearing was held on September 28, 2012 at which Mr. Roberts and counsel for the government, Mr. Shoemaker, appeared. In view of the dispositive nature of the order sought by the government, particularly as it would be dispositive of the Counterclaim,[1] the undersigned has proceeded under the implied referral rule, LR 72.g, and makes the following report and recommendation.

The Internal Revenue Service is conducting an examination of the federal tax liabilities of MDR Repair Trust for the years 2009 and 2010. In furtherance of that examination, on April 26, 2012, the IRS issued an IRS administrative summons to Michael D. Roberts, as Trustee of MDR

---

[1] The counterclaim in substance seeks to bar examination of the trust's tax liabilities for the years in question. If the Petition is granted the Counterclaim must be dismissed.

-1-

Repair Trust, directing him to appear before an IRS agent to give testimony and produce certain books and records identified in the summons. Roberts failed to comply with the summons and the United States initiated this proceeding.

To obtain judicial enforcement of an IRS summons, the United States must establish: (1) that the summons was issued for a legitimate purpose, (2) that the summoned data may be relevant to that purpose, (3) that the summoned data are not already in the Government's possession, and (4) that the administrative steps required by the Internal Revenue Code for issuance and service have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. LaSalle National Bank*, 437 U.S. 298, 313-314 (1978); *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005); *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980). The United States has met this burden through the declaration of its revenue agent. The summons was issued in furtherance of an investigation of the federal tax liabilities of MDR Repair Trust. This is a legitimate purpose and is specifically authorized by 26 U.S.C. § 7602. The materials the IRS is seeking, mainly business and financial records of the trust, may be relevant to the investigation. The information sought is not already in the Government's possession and the IRS has followed all proper administrative procedures. For example, there has been no Justice Department referral, as defined in 26 U.S.C. § 7602(d), with respect to the respondent.

The respondent has not refuted any of the allegations presented by the Government and has not shown that enforcement of the summons would constitute an abuse of the Court's process. The respondent's chief defense to the summons is his argument that he is bound by a provision in a trust document that contractually precludes him from divulging trust information making, as respondent sees it, the government's effort to obtain trust information in aid of its examination unconstitutional. This is not a legally recognized defense to the enforcement of an IRS summons. Furthermore,

private parties can not contract out of their obligations under the Internal Revenue Code, and contracts are always subject to the requirements of law.

Respondent's counterclaim makes a reference to the Fifth Amendment prohibition against self-incrimination, but its invocation by respondent is not clear. Respondent is the trustee of the MDR Repair Trust and information is sought from his as the representative of the trust. Respondent's "Request for Mandatory Judicial Notice" refers to the trust as an express, *inter vivos* trust. Attached to the Request are what purport to be federal trust tax returns for 2009 and 2010 signed by respondent as trustee. The Court notes that in *United States v. Harrison*, 653 F.2d 359 (8th Cir. 1981), our court of appeals held a Fifth Amendment privilege is not available to prevent disclosure of trust documents of a small family trust. Though trust records must be produced, it should be understood this order enforces the summons only with respect to information and documents pertaining to the trust and its tax liability, and not Mr. Roberts' personal income or tax liability.

Accordingly, the undersigned RECOMMENDS:

(1) That the United States' Petition to Enforce Internal Revenue Service Summons [1] is granted;

(2) That the Respondent's Complaint for Counterclaim Action [5] be denied and dismissed; and

(3) That the Respondent be directed to appear before an IRS representative within 30 days from the date of the Order adopting this recommendation, or any later date on which the IRS agrees, and fully comply with the summons.

IT IS ORDERED that the plaintiff have until **October 25, 2012** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D.

Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

Dated this 5th day of October, 2012.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE